# STATE OF MICHIGAN

# COURT OF APPEALS

DAVON DIAZ,

       Plaintiff-Appellant,

v

AISHA COLEMAN, ELMINA COLEMAN and
GABRIELLE YOUNG,

       Defendants-Appellees.

UNPUBLISHED
April 12, 2018

No. 336359
Macomb Circuit Court
LC No. 2015-000711-NI

Before: SAWYER, P.J., and HOEKSTRA and MURRAY, JJ.

PER CURIAM.

This case arises out of a motor vehicle accident in which plaintiff was a passenger in a vehicle driven by defendant Aisha Coleman and owned by defendant Elmina Coleman, whose vehicle collided with one driven by defendant Young. The claims against the Colemans were dismissed by stipulation several months before trial. At trial, the jury returned a verdict for defendant Young ("defendant"). We affirm.

Plaintiff first argues that the trial court erred in admitting certain testimony. We disagree. Plaintiff raises two specific challenges. First, he argues that the trial court erred in allowing defendant to testify that plaintiff had suggested that she tell police that plaintiff had been driving rather than Coleman because Coleman had a suspended license. Second, plaintiff argues that the court should not have allowed testimony that plaintiff did not report all of his income to the IRS as he was being paid "under the table." Plaintiff argues that this evidence was "irrelevant and highly prejudicial," citing only MRE 401, 402 and 403 as authority. Plaintiff also suggests that the testimony was "inarguably hearsay" but without any reference to authority. As our Supreme court observed in *Mudge v Macomb Co*, 458 Mich 87, 104-105; 580 NW2d 845 (1998), we need not address issues that are inadequately briefed:

As we explained in *Mitcham v Detroit,* 355 Mich 182, 203; 94 NW2d 388 (1959):

"It is not enough for an appellant in his brief simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position. The appellant himself

-1-

must first adequately prime the pump; only then does the appellate well begin to flow."

We do note, however, that defendant makes a compelling point that these issues were highly relevant to plaintiff's credibility as a witness. We similarly decline to address plaintiff's two-sentence "argument" regarding defense counsel's reference to plaintiff's resolution of his first-party insurance claim, especially in light of the fact that plaintiff does not even address the effectiveness of the curative instruction.

Plaintiff's remaining argument is that the trial court erred in denying plaintiff's request to have Aisha Coleman's deposition read into evidence after she refused to appear and testify at trial. Plaintiff does develop, to some extent, an argument that Coleman was unavailable as a witness and, therefore, her deposition testimony was admissible under MRE 804(a)(5) and (b). But, ultimately, we agree with defendant and the trial court that plaintiff has failed to establish that the witness was unavailable.

Plaintiff states in his brief that counsel contacted Coleman by telephone and was told by her that she would not testify. Counsel then sent her a subpoena by first-class mail one week before the trial. MCR 2.107 only permits service by first-class mail to be made on parties. A subpoena to testify at trial must be served in accordance with MCR 2.105, unless the witness returns an acknowledgement of service. MCR 2.506(G)(1) and (2). MCR 2.105(A) requires personal service or service by registered or certified mail, with restricted delivery, return receipt requested and service is effective when the recipient acknowledges receipt. Although Coleman had been a party to this action, she had long since been dismissed by stipulation. Moreover, the only subpoenas in the lower-court file related to the trial are for Officer McNeil, subpoenaed by defendant, and one by plaintiff, but which is blank as to whom the subpoena is directed.

Accordingly, service by first-class mail was ineffective, and the trial court properly ruled that she was not unavailable as a witness.

Affirmed. Defendant may tax costs.

/s/ David H. Sawyer
/s/ Joel P. Hoekstra
/s/ Christopher M. Murray